UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
September 11, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
              DEPUTY

| | |
|---|---|
| **DEMOND FRANKLIN,** <br> **TDCJ No. 02119674,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § |

CIVIL NO. SA-23-CA-0589-OLG

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Demond Franklin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 2), as well as Respondent Bobby Lumpkin's Answer (ECF No. 7) thereto. In his § 2254 petition and accompanying memorandum, Petitioner challenges the constitutionality of his 2016 state court capital murder conviction, arguing that he received ineffective assistance at both trial and on direct appeal. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In December 2016, a Bexar County jury convicted Petitioner of capital murder and sentenced him to life imprisonment. *State v. Franklin*, No. 2015CR6149A (290th Dist. Ct., Bexar Cnty., Tex. Dec. 12, 2016); (ECF No. 8-1 at 195-96). The Texas Fourth Court of Appeals affirmed Petitioner's conviction on direct appeal. *Franklin v. State*, No. 04-17-00139-CR, 2018 WL 3129464 (Tex. App.—San Antonio, June 27, 2018, pet. granted); (ECF No. 9-1). After granting Petitioner's petition for discretionary review, the Texas Court of Criminal Appeals affirmed the judgment of the court of appeals in a published opinion delivered July 3, 2019. *Franklin v. State*, 579 S.W.3d 382 (Tex. Crim. App.); (ECF No. 9-18). The Texas Court of Criminal Appeals then denied Petitioner's motion for rehearing on September 11, 2019. (ECF No. 9-24).[1]

Petitioner also attempted to challenge the constitutionality of his state court conviction by filing a state application for habeas corpus relief on December 8, 2020. *Ex parte Franklin*, No. 94,617-01 (Tex. Crim. App.); (ECF No. 9-26 at 4-30). However, the Texas Court of Criminal Appeals dismissed the application as noncompliant with Rule 73.2 of the Texas Rules of Appellate Procedure on March 22, 2023. (ECF No. 9-25). Petitioner did not file another application for state habeas corpus relief. Instead, Petitioner placed the instant federal habeas petition in the prison mail system on April 28, 2023. (ECF No. 1 at 16).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] *See also* http://www.search.txcourts.gov, search for "Franklin, Demond" last visited September 11, 2023.

> judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final December 10, 2019, ninety days after the Texas Court of Criminal Appeals denied Petitioner's motion for rehearing and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state conviction expired a year later on December 10, 2020. Because Petitioner did not file his § 2254 petition until April 28, 2023—well over two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented Petitioner from filing a timely petition. There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief, this application does not operate to toll the limitations period because it was dismissed by the Texas Court of Criminal Appeals in March 2023 as noncompliant. (ECF No. 9-25). An improperly filed state habeas application has no effect on the one-year limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). As such, the instant § 2254 petition, filed April 28, 2023, is still over two years late.[2]

### B. <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the statute of limitations, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable

---

[2] Even assuming he was entitled to tolling for his improperly-filed state habeas application, Petitioner's § 2254 petition would still be untimely. Petitioner's state application—filed December 8, 2020, was dismissed by the Texas Court of Criminal Appeals on March 22, 2023—thus hypothetically tolling the limitations period for a total of 835 days, making Petitioner's federal petition due Monday, March 27, 2023. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period). Again, Petitioner did not file the instant § 2254 petition until April 28, 2023, still over a month too late.

justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction became final in December 2019, yet Petitioner waited until December 2020 to execute his state habeas corpus application challenging the underlying conviction. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another month after the Texas Court of Criminal Appeals dismissed his state habeas application in March 2023 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward

when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by over two years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Demond Franklin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___11___ day of September, 2023.

_____
**ORLANDO L. GARCIA**
**United States District Judge**